**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OLLIE LOUISE KENDRICK BEY, | Civil Action No.: 25-4243 |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| KEITH E. LYNOTT, | |
| Defendant. | |

**CECCHI, District Judge.**

Before the Court is the Honorable Keith E. Lynott, J.S.C.'s ("Defendant" or "Judge Lynott") motion to dismiss (ECF No. 16; *see also* ECF No. 16-3 ("Br.")) *pro se* plaintiff Ollie Louise Kendrick Bey's ("Plaintiff") complaint. ECF No. 1 ("Complaint" or "Compl."). In response to the motion, Plaintiff filed an "Affidavit of Truth in Facts," ECF No. 17, which the Court has considered in resolving this motion. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion to dismiss is granted.

I. **BACKGROUND**

A. **Factual History**

This action arises from a foreclosure action and related proceedings in New Jersey state court. In April 2022, James B. Nutter & Company filed for foreclosure against Plaintiff in the Superior Court of New Jersey, Chancery Division.[1] ECF No. 16-1, Ex. A. That action concerned a property owned by Plaintiff at 123-125 Maple Avenue in Newark, New Jersey. *Id.* On August 18, 2022, the judge in that action entered an uncontested order granting a final default judgment

---

[1] The court may take "judicial notice of the record from a state court proceeding and consider it on a motion to dismiss." *Lacy v. Bank of Am.*, No. 20-660, 2020 WL 2512807, at *1 (E.D. Pa. May 15, 2020) (citation omitted).

1

in favor of James B. Nutter & Company, as Plaintiff failed to file a responsive pleading or otherwise defend against the foreclosure. *Id.*, Ex. B. The court entered a writ of execution that same day, which ordered that the property be sold at a sheriff's sale by the Essex County Sheriff's Department. *Id.*, Ex. C.

In December 2022, the judge in that action denied Plaintiff's motion to cease foreclosure. *Id.*, Ex. D. On January 10, 2023, another judge denied a separate motion by Plaintiff to stay the sheriff's sale. *Id.*, Ex. E. Following this denial, the Essex County Sheriff sold the property at issue at a sheriff's sale. *Id.*, Ex. F.

Two months later, in March 2023, the entity that purchased the property at the sheriff's sale filed a complaint and order to show cause in the Superior Court of New Jersey, Special Civil Part, seeking the ejectment of Plaintiff from the property. *Id.*, Ex. G. Judge Lynott, the assigned judge in that matter and Defendant in this action, entered an order of ejectment against Plaintiff in August 2023. *Id.*, Ex. H. Judge Lynott subsequently entered a writ of possession against Plaintiff in September 2023. *Id.*, Ex. I. After the entry of that order, the Essex County Sheriff's Department served Plaintiff with a notice of ejectment letter, which allowed Plaintiff until October 11, 2023, to vacate the property. ECF No. 1-1 at 2–3.

On October 11, 2023, Plaintiff filed a certification for relief from ejectment despite having already vacated the property. *Id.* at 1. Plaintiff asserted that her basis for relief stemmed from her "sovereign" status. *Id.* On that same day, Judge Lynott held an emergent hearing with Plaintiff and counsel for the entity that had purchased the property. ECF No. 1-4. After hearing from the parties, Judge Lynott denied Plaintiff's emergent application, concluding that she had not met any of the factors required to obtain the requested injunctive relief. *Id.*

Shortly thereafter, Plaintiff filed a motion for Judge Lynott to recuse himself from the proceedings. ECF No. 1-2 at 1. Judge Lynott denied the motion on October 17, 2023. *Id.*

### B.    Procedural History

Plaintiff filed this action against Judge Lynott on May 14, 2025.[2] Compl. at 1. She asserts that she suffered emotional distress and mental anguish arising out of events that occurred on October 11, 2023, and seeks damages exceeding $1 million. *Id.* at 4–5. She asserts claims under 42 U.S.C. § 1983 for (1) violation of oath of office, (2) genocide against humanity, (3) deprivation of rights under color of law, (4) conspiracy against rights, (5) defamation of character, (6) violation of the Universal Declaration of the Rights of Indigenous Peoples, (7) misprision of a felony, and (8) slander. *Id.* at 5. Plaintiff also references a federal judicial recusal statute in her Complaint. *Id.* at 3 (citing 28 U.S.C. § 144). Defendant moves to dismiss all claims. ECF No. 16.

## II.    LEGAL STANDARD

### A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

The burden of establishing federal subject matter jurisdiction ordinarily "rests with the party asserting its existence." *Dicke v. Jialin Li*, No. 16-2163, 2017 WL 1011219, at *2 (D.N.J. Mar. 15, 2017) (citing *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). A party may challenge subject matter jurisdiction pursuant to Rule 12(b)(1), and such challenges "may be facial or factual." *Id.* (citing *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009)). A facial attack "concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Id.* (citations omitted) (citation modified).

---

[2] Plaintiff also checked off boxes in the Complaint designating two additional Defendants as being sued in their individual capacities. Compl. at 2–3. Plaintiff did not provide any information about these two unnamed Defendants, other than writing that they are judges and that Defendant Number Two has an unspecified Newark, New Jersey address. *Id.*

3

"In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). By contrast, a factual attack occurs where the defendants have "presented competing facts," such as in the form of sworn declarations. *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014); *see also Merck & Co. v. Apotex, Inc.*, No. 06-5789, 2007 WL 4082616, at *4 (D.N.J. Nov. 15, 2007) ("A movant need not have yet answered the claim to factually attack subject matter jurisdiction . . . [as] a movant may [also] submit an affidavit disputing a nonmovant's factual basis for jurisdictional allegations."), *aff'd*, 292 F. App'x 38 (Fed. Cir. 2008); *CNA v. United States*, 535 F.3d 132, 145–46 (3d Cir. 2008), *as amended* (Sept. 29, 2008) ("[T]he Court may dismiss for lack of subject matter jurisdiction at any time, regardless [of] whether the moving party has filed an answer.").

Before the Court may consider a factual attack, the plaintiff must be afforded "an opportunity to present facts by affidavit or by deposition, or in an evidentiary hearing, in support of [her] jurisdictional contention." *Bautista v. St. Thomas E. End Med. Ctr. Corp.*, No. 19-116, 2020 WL 4677517, at *2 (D.V.I. Aug. 12, 2020) (quoting *Berardi v. Swanson Mem'l Lodge No. 48 of the Fraternal Ord. of Police*, 920 F.2d 198, 200 (3d Cir. 1990)); *see also Jayme v. MCI Corp.*, 328 F. App'x 768, 772 (3d Cir. 2008) (finding that the plaintiff had "an opportunity ... [of] more than six months . . . to present facts in support of his jurisdictional contention" such that the court could consider the defendant's factual attack). Finally, when a defendant raises a proper factual attack, "the plaintiff bears the burden of establishing jurisdiction" such that "[n]o presumptive truthfulness attaches to plaintiff's allegations." *Kemp v. Select Portfolio Servicing, Inc.*, No. 17-314, 2017 WL 2876466, at *2 (D.N.J. July 6, 2017) (citations omitted); *see also GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018) (holding that

4

while the defendant has the initial "burden of production to raise a factual challenge," the plaintiff thereafter has the "burden of proof to establish diversity jurisdiction by a preponderance of the evidence").

### B.      Motion to Dismiss for Failure to State a Claim

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.*  (citation omitted).  In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008). And given Plaintiff's *pro se* status, the Court construes the Complaint liberally. *Jackson v. Bolandi*, No. 18-17484, 2020 WL 255974, at *2 (D.N.J. Jan. 17, 2020).

### III.    <u>DISCUSSION</u>

Defendant moves to dismiss on three grounds.  First, he argues that the Court lacks subject matter jurisdiction under the *Rooker-Feldman* abstention doctrine.[3]  Br. at 10–13.  Second, Judge Lynott contends that he is entitled to absolute judicial immunity.  *Id.* at 13–16.  Third, he asserts that Plaintiff has failed to state a claim for any claim raised in the Complaint.  *Id.* at 16–20.  In

---

[3] Although Defendant does not explicitly say so in his brief, he appears to be mounting a facial challenge to the Court's subject matter jurisdiction because he does not present "competing facts" as required for a factual attack.  *Adair v. Cigna Corp. Servs., LLC*, No. 25-2384, 2026 WL 295744, at *6 (E.D. Pa. Feb. 4, 2026) (quoting *Aichele*, 757 F.3d at 358).

opposition, Plaintiff's "Affidavit of Truth in Facts" does not respond to any of these arguments. *See* ECF No. 17.

        **A.**      ***Rooker-Feldman* Doctrine**

The *Rooker-Feldman* doctrine prohibits a district court from exercising jurisdiction in certain circumstances when a federal suit follows a state suit. *Vuyanich v. Smithton Borough*, 5 F.4th 379, 384 (3d Cir. 2021) (citation omitted). For this doctrine to apply, four requirements must be satisfied: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* at 385 (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)). The Third Circuit has "described Prongs 2 and 4 as the 'key requirements.'" *Id.* (quoting *Great W. Mining*, 615 F.3d at 168).

*Rooker-Feldman* does not appear to deprive the Court of jurisdiction because the relief sought would not require the Court to "review and reject" the state court recusal order. Admittedly, the analysis is made difficult by the lack of any factual allegations in the Complaint. Although Plaintiff cites the statute governing recusals for federal judges, 28 U.S.C. § 144, she does not appear to be "attempt[ing] to invalidate the final [state court recusal] . . . order[]." *Martinez v. Bank of Am., N.A.*, No. 15-8926, 2016 WL 1135441, at *4 (D.N.J. Mar. 22, 2016) (citation omitted); *see also Great W. Mining*, 615 F.3d at 173 (emphasizing that *Rooker-Feldman* prohibits a court from granting relief that "would . . . effectively overrul[e] [a] state-court judgment[]"). Instead, Plaintiff appears to seek damages for purported injuries suffered because of some unspecified wrongs by Defendant. But it would not necessitate "reject[ing] or overrul[ing]" the state court decision. *See Great W. Mining*, 615 F.3d at 173. In other words, awarding damages against Judge Lynott would not require the Court to overturn or invalidate the recusal order. *See*

6

*Dooley v. Dasher*, No. 21-4036, 2023 WL 5743071, at *6 (D.N.J. Sept. 6, 2023) (finding that *Rooker-Feldman* did not preclude jurisdiction because the plaintiff did not seek to overturn or invalidate the relevant state court orders).  Therefore, based on the limited information in the Complaint, *Rooker-Feldman* does not deprive this Court of subject matter jurisdiction.

### B.     Judicial Immunity

"Judges enjoy absolute immunity from a suit for money damages for judicial acts." *Livingston v. Gallina*, No. 25-1948, 2025 WL 2673613, at *2 (3d Cir. Sept. 18, 2025) (citation omitted).  "Judges are entitled to judicial immunity as to the performance of judicial acts in the scope of the judge's jurisdiction." *Id.* (citation omitted).  Thus, judicial immunity does not apply in only two situations:  (1) "where a judge commits a nonjudicial act, i.e., one not taken in the judge's judicial capacity" or (2) "where a judge commits an act, judicial in nature, but in the complete absence of jurisdiction." *Id.* (citation omitted).

The relief sought by Plaintiff is barred by judicial immunity.  Plaintiff asserts at least eight claims under 42 U.S.C. § 1983 against Judge Lynott for over $1 million in damages.  Compl. at 3–5.  The Complaint indicates that events giving rise to her claims occurred on October 11, 2023. *Id.* at 4.  Plaintiff attaches to the Complaint a hearing transcript from that date, ECF No 1-4, a hearing which Defendant explains concerned Plaintiff's emergent application for relief from ejectment. Br. at 4–6.  Judge Lynott rejected Plaintiff's application at the hearing.  ECF No. 1-4.  Shortly thereafter, Plaintiff moved for Judge Lynott to recuse himself from the case, which Judge Lynott denied.  ECF No. 1-2 at 1.  Thus, it appears that her issues with Judge Lynott concern his denial of the application for emergent relief and recusal motion.   These are normal judicial functions.  *Corbin v. James*, No. 22-4212, 2022 WL 17995548, at *8 (E.D. Pa. Dec. 29, 2022) (recognizing that "entertaining and resolving motions" are functions normally performed by a judge and thus, a judge enjoys absolute immunity for claims based on that conduct); *Ziemba v.*

*Shurtleff*, No. 23-423, 2023 WL 9604976, at *6 (M.D. Pa. Sept. 15, 2023) ("Ruling on motions is a function normally performed by judicial officers and, as such, is a judicial act."), *report and recommendation adopted*, 2024 WL 555893 (M.D. Pa. Feb. 12, 2024). Further, although Plaintiff provides few factual assertions in the Complaint, the Court has no trouble concluding that Judge Lynott did not act in the "complete absence of jurisdiction." As long as a judge "has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Carroll v. Totaro*, No. 22-3885, 2022 WL 16749032, at *4 (E.D. Pa. Nov. 7, 2022) (citation omitted). Judge Lynott had, at the very least, "some subject matter jurisdiction" to consider the ejectment action, which led to Plaintiff's emergent application, and the motion for his recusal. *See 500 Park Ave. Equities, LLC v. Williams*, No. A-826-23, 2024 WL 4447107, at *4 (N.J. Super. Ct. App. Div. Oct. 9, 2024) (noting that "the Special Civil Part ordinarily has jurisdiction to resolve ejectment actions"); *Yan v. Xu*, No. A-1493-21, 2023 WL 2994247, at *3 (N.J. Super. Ct. App. Div. Apr. 19, 2023) (stating that a recusal motion must be made "directly to the judge presiding over the case" (citation omitted)); *State v. Emmanuel*, No. A-1859-16T2, 2018 WL 2122810, at *4 (N.J. Super. Ct. App. Div. May 9, 2018) ("[A] motion for recusal lies in the sound discretion of the trial judge whose recusal is sought."). Accordingly, Judge Lynott has absolute immunity from the monetary damages sought by Plaintiff under any of her claims.

### C. Failure to State a Claim

Even assuming that judicial immunity does not apply, Plaintiff still fails to state a claim for relief on all of her claims. Plaintiff provides insufficient facts to support any of her asserted claims and nonetheless cannot plausibly state any of these claims.

First, she raises claims under legal authorities that do not provide a private right of action. Several asserted claims—(1) misprision of felony, 18 U.S.C. § 4, (2) conspiracy against rights, 18 U.S.C. § 241, (3) deprivation of rights under color of law, 18 U.S.C. § 242, and (4) genocide, 18

U.S.C. § 1091—arise under criminal statutes. However, "[f]ederal criminal statutes do not, by their mere presence, grant a private right of action for use in civil suits." *Fleming v. Cape May Cnty.*, 475 F. App'x 811, 812 (3d Cir. 2012); *see also Fata v. Lang*, No. 25-1886, 2026 WL 36143, at *1 (3d Cir. Jan. 6, 2026) ("[Plaintiff's] attempt to bring claims under the federal criminal statutes fails because criminal statutes generally do not give rise to a private cause of action."); *Gage v. Kumpf*, No. 12-2620, 2012 WL 5630568, at *3 (D.N.J. Nov. 15, 2012) ("It is beyond cavil that there is no private right of action to bring a claim pursuant to 18 U.S.C. § 4 . . . ."); *Bey v Ohio*, No. 11-1213, 2011 WL 5024188, at *3 (N.D. Ohio Oct. 19, 2011) (noting that 18 U.S.C. §§ 241, 242, and 1091 do not create private rights of action). Plaintiff therefore cannot maintain an action for damages based on alleged violations of these laws. Similarly, Plaintiff's claims purportedly arising from Judge Lynott's oath of office and the United Nations Declaration of the Rights of Indigenous Peoples cannot succeed because neither provides a private right of action. *See Roark v. Irizarry*, No. 21-4107, 2022 WL 3371615, at *2 (E.D. Pa. Aug. 16, 2022) (recognizing that "there is no cause of action for violation of an oath of office" (citation omitted)); *Roark v. Nikituk*, No. 22-524, 2023 WL 5651872, at *1 n.1 (D. Del. Aug. 31, 2023) (noting that "a claim for 'violation of oath of office'" is not a "cognizable legal claim"); *Isaac v. Sigman*, No. 16-5345, 2017 WL 2267264, at *6 (D.N.J. May 24, 2017) ("[C]ourts in this district have determined that the United Nations Declaration on the Rights of Indigenous Peoples is a nonbinding declaration that does not create a private cause of action."). Additionally, to the extent Plaintiff seeks to raise a claim under a federal judicial recusal statute, not only does this law not apply to Judge Lynott, who presides in state court, but it also does not provide a private right of action. *See* 28 U.S.C. §

9

144.[4]  Therefore, even if Plaintiff had provided any factual allegations in her Complaint, she could not plausibly state a claim for relief on any of these bases.

Second, Plaintiff's only other claims—slander and defamation—are time barred.  The events giving rise to Plaintiff's Complaint appear to arise, at their latest, on October 17, 2023.  *See* ECF No. 1-2.  The statute of limitations for slander and defamation under New Jersey law is one year from the date of publication.  *See Marino v. Westfield Bd. of Educ.*, No. 16-361, 2016 WL 2901706, at *5 (D.N.J. May 18, 2016); N.J. Stat. Ann § 2A:14-3 ("Every action at law for libel or slander shall be commenced within 1 year next after the publication of the alleged libel or slander.").  Thus, Plaintiff would have had to file her Complaint no later than October 17, 2024.  She, however, did not submit her Complaint until May 14, 2025.  Compl. at 1.  Accordingly, her slander and defamation claims based upon events from October 2023 are barred by the statute of limitations.

### D.      Futility of Amendment

"Federal Rule of Civil Procedure 15 counsels courts to adopt a liberal approach to permitting amendments to pleadings."  *Pulchalski v. Franklin Cnty.*, No. 15-1365, 2016 WL 1363764, at *1 (M.D. Pa. Apr. 6, 2016).  But a court need not grant leave to amend if amendment would be futile.  *MAP Refrigeration, Inc. v. New Albertsons, L.P.*, No. 19-3729, 2019 WL 7049015, at *2 (E.D. Pa. Dec. 20, 2019).  That is, if no factual averments could cure the deficiencies identified by a court in dismissing a complaint, a court should not provide a party with leave to amend.  *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018) ("Leave to amend is properly denied if amendment would be futile, i.e., if the

---

[4] Plaintiff also cites other statutes that do not create private rights of action.  Compl. at 5; *see also* 18 U.S.C. § 3571 (describing the imposition of a fine as a criminal sentence); 18 U.S.C. § 1581 (criminalizing peonage); 28 U.S.C. § 3002(15)(a) (defining the "United States" as a "Federal corporation"); 42 U.S.C. § 1994 (abolishing peonage).

10

proposed complaint could not 'withstand a renewed motion to dismiss.'" (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)).

The Court finds that amendment would be futile here. Judge Lynott is plainly entitled to judicial immunity for his acts in the underlying proceedings. Additionally, Plaintiff's claims either arise under authorities that do not provide a private right of action or are time barred. No facts can cure these deficiencies. *See Bright v. Hoebich*, No. 24-9625, 2025 WL 1311401, at *4 & n.4 (D.N.J. May 6, 2025) (dismissing claims based on judicial immunity with prejudice and collecting cases doing the same); *Ortiz v. Keystone Premier Settlement Servs., LLC*, No. 23-1509, 2024 WL 3522036, at *12 n.3 (M.D. Pa. July 23, 2024) ("Amendment is futile when a statute creates no private right of action." (citing *Redmond v. Fresh Grocers Store*, 402 F. App'x 685, 686 (3d Cir. 2010)); *Woodson v. Atl. City Bd. of Educ.*, No. 19-14572, 2020 WL 7417818, at *3 (D.N.J. Dec. 18, 2020) ("[A]mendment is futile when the claims asserted by the plaintiffs are time-barred under the [statute] of limitations."). Accordingly, the Court will dismiss Plaintiff's Complaint with prejudice.

## IV.    CONCLUSION

Accordingly, for the reasons stated above, **IT IS** on this 24th day of April, 2026;

**ORDERED** that Defendant's motion to dismiss (ECF No. 16) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** as to Judge Lynott; and it is further

**ORDERED** that the Clerk's Office is directed to mark this matter as **CLOSED**.

**SO ORDERED.**

*s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**